UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAKIM GARRISON,<br><br>                    Plaintiff,<br><br>-against-<br><br>BANK OF MISSOURI; CERULEAN CREDIT CARD; CONTINENTAL FINANCE; CERULEAN BANK,<br><br>                    Defendants. | 24-CV-7895 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently a resident of Columbia, South Carolina, brings this *pro se* action under the Fair Credit Reporting Act, alleging that Defendants violated his rights when he resided in Brooklyn, New York. Named as Defendants are Bank of Missouri, of Perryville, Missouri; Cerulean Credit Card, of Carol Stream, Illinois; Cerulean Bank, of an unspecified location; and Continental Finance, of Wilmington, Delaware. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Although Plaintiff currently resides in South Carolina, he alleges that the events giving rise to his claims occurred in New York, and the credit reports that form the basis of his claims, which Plaintiff attaches to the complaint, show that, at the time they were issued, Plaintiff resided in Brooklyn, New York. The Court therefore understands the events giving rise to Plaintiff's claims to have occurred in Brooklyn. Brooklyn is in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because Plaintiff does not allege that all (or any) of the defendants reside in this District or that any of the events giving rise to his claims occurred in this District,[1] from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Brooklyn, New York, in the Eastern District of New York. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 22, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[2] Plaintiff did not pay the filing fees or submit an application to proceed *in forma pauperis* at the time he filed the complaint.